UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY BRUHNS,

      Plaintiff,

                                                                             Case No. 12-cv-11549
                                                                            Honorable Gershwin A. Drain

v.

GREENE MANUFACTURING
TECHNOLOGIES, LLC.,

      Defendant.
_____/

<u>ORDER DISMISSING ACTION</u>

On this date, the Court held a status conference. Counsel for defendant appeared for the hearing, however neither Plaintiff, nor his counsel, appeared for the status conference. Plaintiff has failed to participate in this matter in any respect. Plaintiff has repeatedly failed to comply with this Court's Orders, including this Court's November 28, 2012, Order requiring his appearance at the status conference set for today's date. Accordingly, this case is DISMISSED without prejudice.

On April 5, 2012, Plaintiff initiated the present action claiming that his former employer terminated him in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

On November 11, 2012, Defendant filed a motion to compel Plaintiff's answers to Defendant's First Request for Production of Documents and Interrogatories to Plaintiff because Plaintiff had failed to timely respond to Defendant's discovery requests in accordance with Rules 33 and 34 of the Federal Rule of Civil Procedure. On November

13, 2012, Plaintiff filed a response to Defendant's Motion to Compel advising the Court that Plaintiff's counsel diligently attempted to work with Plaintiff to obtain answers to Defendant's discovery requests. Counsel further advised that Plaintiff failed to attend an October 30, 2012, appointment with his counsel, as well as failed to set up voicemail on his cellular phone so that counsel is able to contact him.

On November 14, 2012, this Court entered an Order granting Defendant's Motion to Compel. *See* Dkt. No. 19. The Court's November 14, 2012, Order required Plaintiff to serve his Answers to Defendant's First Request for Production of Documents and Interrogatories within seven days from the date of the Order, or by November 21, 2012. *Id.* The Court's November 14, 2012 Order also required the parties to brief the issue of whether Defendant should be awarded its reasonable attorney's fees incurred as a result of bringing its Motion to Compel. *Id.*

Also on November 14, 2012, Plaintiff's counsel filed a Motion to Withdraw as Counsel for Plaintiff, citing counsel's continued inability to communicate with her client. The Court set a hearing for November 28, 2012 on Plaintiff's Motion to Withdraw, as well as for argument concerning whether Defendant is entitled to recovery of its attorney fees for bringing the Motion to Compel. *See* Dkt. No. 23. This Court's Notice of Hearing specifically advised Plaintiff that he was required to attend the hearing and that his failure to attend may result in sanctions, up to and including dismissal of the action. *Id.*

Plaintiff did not appear for the November 28, 2012, hearing. At the hearing, the Court permitted Plaintiff's counsel's Motion to Withdraw as Attorney. The Court also entered an Order on November 28, 2012, which stated in relevant part:

> Plaintiff is required to attend the hearing with counsel. If Plaintiff is unable to

retain alternate counsel by the date set for hearing, Plaintiff must appear at the hearing without counsel. Plaintiff's failure to appear at the January 7, 2013 hearing will result in dismissal of this action without prejudice. In the event this case is dismissed, Plaintiff may move to reopen this matter only if he moves to reopen within a reasonable time, and after he has paid $500.00 to Defendant, representing this Court's assessed sanction for Plaintiff's continual failure to abide by this Court's Orders.

On January 7, 2013, Defendant's counsel appeared for the status conference. Plaintiff failed to appear for the conference. Accordingly, this matter is dismissed for Plaintiff's continual failure to abide by this Court's Orders or otherwise participate in the prosecution of this action. Pursuant to this Court's November 28, 2012, Order and for the reasons stated on the record at today's status conference, **Plaintiff shall be required to pay $500.00 directly to Defendant's counsel prior to moving to reopen this case.**

SO ORDERED.


Dated: January 7, 2013                   /s/Gershwin A Drain
                                          GERSHWIN A. DRAIN
                                          United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and Jeremy Bruhns on
January 7, 2013, by electronic and/or ordinary mail.

Tanya R Bankston
Deputy Clerk